IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PETER PONZINI, ESQUIRE and MIRYEM BARBAROS, as Co-Administrators of the Estate of MUMUN BARBAROS, deceased<br>Plaintiffs,<br>v.<br><br>MONROE COUNTY<br>and<br>MONROE COUNTY CORRECTIONAL FACILITY<br>and<br>WARDEN DONNA M. ASURE<br>and<br>RICH CUTH, Director of Treatment<br>and<br>CAPTIAN GEORGE KUMBURIS, Chief of Security<br>and<br>CORRECTIONAL OFFICER JESSE CLEARE<br>and<br>CORRECTIONAL OFFICER J. PARKER<br>and<br>CORRECTIONAL OFFICER OVERFIELD<br>and<br>CORRECTIONAL OFFICER G. MOWRY<br>and<br>CORRECTIONAL OFFICER NORMA L. ELMORE<br>and<br>CORRECTIONAL OFFICER E. DEVERS<br>and<br>SERGEANT HAIDLE<br>and<br>PRIMECARE MEDICAL, INC.<br>and | JURY TRIAL DEMANDED<br><br><br><br>NO. _____ |

| | |
|---|---|
| DR. THOMAS | : |
| and | : |
| Dr. WILLIAM BUFFTON | : |
| and | : |
| DR. WILSON | : |
| and | : |
| CHRISTINA (LAST NAME UNKNOWN | : |
| and | : |
| P. BAUER | : |
| and | : |
| W. JOHNSON | : |
| and | : |
| C. ROVE | : |
| and | : |
| PAUL S. JAMES | : |
| and | : |
| NURSE GRACE RAMOS | : |
| and | : |
| JOHN DOE, PSS | : |
| and | : |
| JOHN DOE I | : |
| and | : |
| JOHN DOE II | : |
| and | : |
| JOHN DOE III | : |
| and | : |
| JOHN DOE IV | : |
| and | : |
| JOHN DOE V | : |
|         Defendants. | : |

## COMPLAINT

Plaintiffs Peter Ponzini and Miryem Barbaros, as Co-Administrators of the Estate of Mumun Barbaros ("Mr. Barbaros"), deceased ("plaintiffs"), by and through their attorneys, Gay Chacker & Mittin, P.C., hereby assert the following Complaint against defendants, Monroe County ("Monroe County"), Monroe County Correctional Facility ("MCCF"), Warden Donna M. Asure, Rich Cuth, Captain George Kumburis, Correctional Officer Jesse Cleare, Correctional Officer J. Parker, Correctional Officer Overfield, Correctional Officer G. Mowry, Correctional

2

Officer Norma L. Elmore, Correctional Officer E. Devers, Sergeant Haidle (collectively "correctional officer defendants"), and Primecare Medical, Inc. ("Primecare"), Dr. Thomas, Dr. William Buffton, Dr. Wilson, Christina (Last Name Unknown), Nurse P. Bauer, W. Johnson, C. Rove, Paul S. James, Nurse Grace Ramos (collectively "medical defendants"), and John Doe, PSS and John Does I-V (all defendants collectively "defendants") as follows:

## Parties

1. Plaintiffs are the Co-Administrators of the Estate of Mumun Barbaros, deceased. Miryem Barbaros ("Ms. Barbaros") is the wife of Mr. Barbaros. Mr. Barbaros at all material times a resident of Monroe County, Pennsylvania.

2. Defendant Monroe County is a Municipality of the Commonwealth of Pennsylvania and owns, operates, manages, directs, controls and oversees the Monroe County Correctional Facility, located at 4250 Manor Drive, Stroudsburg, PA 18360.

3. Defendant MCCF is a municipal agency within Stroudsburg, Pennsylvania and at all times relevant hereto was responsible for supervising MCCF employees and agents working within its institution. At all times material hereto, MCCF acted and failed to act by, through and on behalf of its duly authorized agents, ostensible agents, servants and employees, including, but not limited to, the physician defendants, the nurse defendants and the diagnostic defendants.

4. At all times relevant hereto, Monroe County and MCCF employed the correctional officer defendants.

5. Defendant Warden Donna M. Asure was at all times relevant to this action an agent of MCCF and Monroe County.

6. Defendant Rich Cuth was at all times relevant to this action the Director of Treatment at MCCF.

3

7. Defendant Captain George Kumburis was at all times relevant to this action a Captain and Chief of Security of the MCCF. He is being sued in his individual capacity as a Captain and Chief of Security of the MCCF.

8. Defendant Correctional Officer Jesse Cleare was at all times relevant to this action an officer of the MCCF. He is being sued in his individual capacity as an officer of the MCCF and Monroe County.

9. Defendant Correctional Officer J. Parker was at all times relevant to this action an officer of the MCCF. He is being sued in his individual capacity as an officer of the MCCF and Monroe County.

10. Defendant Correctional Officer Overfield was at all times relevant to this action an officer of the MCCF. He is being sued in his individual capacity as an officer of the MCCF and Monroe County.

11. Defendant Correctional Officer G. Mowry was at all times relevant to this action an officer of the MCCF. He is being sued in his individual capacity as an officer of the MCCF and Monroe County.

12. Defendant Correctional Officer Norma L. Elmore was at all times relevant to this action an officer of the MCCF. He is being sued in his individual capacity as an officer of the MCCF and Monroe County.

13. Defendant Correctional Officer E. Devers was at all times relevant to this action an officer of the MCCF. He is being sued in his individual capacity as an officer of the MCCF and Monroe County.

14. Defendant Sergeant Haidle was at all times relevant to this action an officer of the MCCF. He is being sued in his individual capacity as an officer of the MCCF and Monroe

County.

15. Defendant Primecare is a Pennsylvania corporation with its principal place of business located at 3940 Locust Lane, Harrisburgh, PA. At all times relevant hereto, Primecare was the contracted agent of MCCF and Monroe County, and was responsible for providing staff and overseeing medical treatment to inmates at MCCF. At all times material hereto, Primecare acted and failed to act by, through and on behalf of its duly authorized agents, ostensible agents, servants and employees, including, but not limited to, the medical defendants.

16. Defendant Dr. Thomas is a duly licensed physician practicing at MCCF in Stroudsburg, PA.

17. At all times material hereto, defendant Dr. Thomas was a treating physician of Mr. Barbaros, acting individually and/or as an agent, ostensible agent, servant and/or employee of Monroe County, MCCF and Primecare.

18. Defendant Dr. William Buffton is a duly licensed physician practicing at MCCF in Stroudsburg, PA.

19. At all times material hereto, defendant Dr. Buffton was a treating physician of Mr. Barbaros, acting individually and/or as an agent, ostensible agent, servant and/or employee of Monroe County, MCCF and Primecare.

20. Defendant Dr. Wilson is a duly licensed physician practicing at MCCF in Stroudsburg, PA.

21. At all times material hereto, defendant Dr. Wilson was a treating physician of Mr. Barbaros, acting individually and/or as an agent, ostensible agent, servant and/or employee of Monroe County, MCCF and Primecare.

22. Defendant Christina (Last Name Unknown) is a duly licensed nurse and/or social

worker practicing at MCCF in Stroudsburg, PA.

23. At all times material hereto, defendant Christina (Last Name Unknown) was a treating nurse and/or social worker of Mr. Barbaros, acting individually and/or as an agent, ostensible agent, servant and/or employee of Monroe County, MCCF and Primecare.

24. Defendant Nurse P. Bauer is a duly licensed nurse practicing at MCCF in Stroudsburg, PA

25. At all times material hereto, defendant Nurse P. Bauer was a treating nurse of Mr. Barbaros, acting individually and/or as an agent, ostensible agent, servant and/or employee of Monroe County, MCCF and Primecare.

26. Defendant W. Johnson is a duly licensed nurse and/or social worker practicing at MCCF in Stroudsburg, PA

27. At all times material hereto, defendant W. Johnson was a treating nurse and/or social worker of Mr. Barbaros, acting individually and/or as an agent, ostensible agent, servant and/or employee of Monroe County, MCCF and Primecare.

28. Defendant C. Rove is a duly licensed nurse and/or social worker practicing at MCCF in Stroudsburg, PA

29. At all times material hereto, defendant C. Rove was a treating nurse and/or social worker of Mr. Barbaros, acting individually and/or as an agent, ostensible agent, servant and/or employee of Monroe County, MCCF and Primecare.

30. Defendant Paul S. James is a duly licensed nurse and/or social worker practicing at MCCF in Stroudsburg, PA

31. At all times material hereto, defendant Paul S. James was a treating nurse and/or social worker of Mr. Barbaros, acting individually and/or as an agent, ostensible agent, servant

6

and/or employee of Monroe County, MCCF and Primecare.

32. Defendant Nurse Grace Ramos is a duly licensed nurse practicing at MCCF in Stroudsburg, PA

33. At all times material hereto, defendant Nurse Grace Ramos was a treating nurse of Mr. Barbaros, acting individually and/or as an agent, ostensible agent, servant and/or employee of Monroe County, MCCF and Primecare.

34. Defendant John Doe, PSS, is a duly licensed PSS practicing at MCCF in Stroudsburg, PA. Defendant John Doe, PSS, can be identified by the signature set forth on the document attached hereto and marked as Exhibit "A".

35. At all times material hereto, defendant John Doe, PSS, was a treating PSS of Mr. Barbaros, acting individually and/or as an agent, ostensible agent, servant and/or employee of Monroe County, MCCF and Primecare.

36. Defendants John Does I-V are licensed medical providers practicing at MCCF in Stroudsburg, PA and/or correctional officers at MCCF. The medical providers can be identified by their signatures which are contained on the documents attached hereto and marked as Exhibit "B".

## Jurisdiction

37. This action is brought pursuant to 42 United States Code Section 1983. Jurisdiction is based upon 28 United States Code 1331, 1341 (1), (3) and (4), and 1343(a)(3), and 1343(a)(4). Plaintiffs further invoke the supplemental jurisdiction under 28 United States Code Section 1376(a) to hear and decide claims under state law.

## Facts

38.     On March 18, 2009, Mr. Barbaros was admitted to MCCF following an arrest for a number of alleged crimes.

39.     At the time of his intake, defendants conducted any intake interview.

40.     At the time of the intake interview, Mr. Barbaros advised defendants that he took Paxil and Trazodone on a daily basis.

41.     Mr. Barbaros was note to have psychological issues.

42.     Mr. Barbaros also advised defendants that his doctor, Dr. Katz had prescribed the medications and that he filled the prescription at a CVS in Mt. Home.

43.     On March 20, 2009, during his arraignment, Mr. Barbaros complained to the Judge John Whitesell that he had not been receiving his medication since his incarceration.

44.     Judge Whitesell asked the police officers escorting him back to MCCF to relay Mr. Barbaros' concerns.

45.     Defendants failed to provide Mr. Barbaros with his Trazodone medication from the time he entered MCCF until the evening of March 20, 2009.

46.     Defendants failed to provide Mr. Barbaros with his Paxil medication from the time he entered MCCF until the morning of March 21, 2009.

47.     Paxil is a drug with a short half-life and leaves a user's system very quickly.

48.     Among the withdrawal symptoms of Paxil are worsening of underlying anxiety or depression, headache, tremor or "shakes", gastrointestinal distress and fatigue, all of which were present in Mr. Barbaros during his incarceration.

49.     Suicidal thoughts are common withdrawal symptoms as well.

50.     Despite the fact that defendants were aware of Mr. Barbaros' condition, he was

8

not placed on suicide watch or seen by any of the medical defendants until March 20, 2009. Indeed, even after being seen for a psychiatric evaluation, Mr. Barbaros was not placed on suicide watch, nor provided any special psychiatric care.

51.    Persons who present with such symptoms require prompt and specialized medical care and attention.

52.    Despite the symptoms presented by Mr. Barbaros, Monroe County, MCCF and/or Primecare medical professionals failed to undertake prompt and appropriate medical care and attention. Instead, Mr. Barbaros was put on Lopressor for high blood pressure and days passed before the medication he needed was provided to him. Further, he was not given a psychiatric evaluation until March 20, 2009.

53.    Notwithstanding the need for immediate medical care and attention, all defendants failed to provide Mr. Barbaros with follow-up care for an extended period, causing Mr. Barbaros to suffer further injury and harm, and ultimately, his death.

54.    The failure of Monroe County, MCCF and Primecare medical professionals to provide prompt and appropriate medical care and attention caused Mr. Barbaros' symptoms to worsen and resulted in severe injury and harm, and ultimately, his death.

55.    Between March 18, 2009 and March 22, 2009, on several occasions, Mr. Barbaros advised the Monroe County, MCCF and/or Primecare medical professionals of the fact that his symptoms had worsened, that he needed his medication, and that he had the shakes, his heart was racing, and that he was having stomach issues, among other things, thus alerting any reasonably trained medical professional of the need for immediate medical care and possible need for a detailed psychological evaluation and possible suicide watch.

56.    At no time between March 18, 2009 and March 22, did any of the individual

9

defendants, or any other employee of defendants Monroe County, MCCF or Primecare, take steps to ensure that Mr. Maude received necessary medical care and attention for withdrawal symptoms.

57. Between March 18, 2009, and March 22, 2009, Monroe County, MCCF and Primecare medical professionals were on notice of Mr. Barbaros' need for immediate medical attention and, with deliberate indifference, failed to take steps to ensure that he received the necessary care and treatment with a psychiatric specialist.

58. On the evening of March 21, 2009, while Mr. Barbaros still was not on any suicide watch, however the inmate in the cell next to him was.

59. Throughout that evening and into the early morning on March 22, 2009, defendant Cleare was expected to pass by Mr. Barbaros' cell every 15 minutes to check on the inmate on the cell next to his.

60. Defendant Cleare failed to fulfill his responsibilities, but falsified documents and made numerous misrepresentations that he had done so.

61. Mr. Barbaros killed himself by swallowing shreds of his own t-shirt.

62. Had defendant Cleare and the other correctional officer defendants fulfilled their responsibilities, they would have observed Mr. Barbaros taking his own life and been in a position to stop him.

63. Upon information and belief, the remaining correctional officer defendants failed to ensure that defendant Cleare fulfilled his responsibilities on March 21 and 22, 2009 and stood idly by while defendant Cleare failed to fulfill his responsibilities.

64. In light of their knowledge of Mr. Barbaros' condition and the need for immediate treatment with a psychiatric specialist, and in accordance with generally accepted standards of

medical care, all medical defendants should have taken steps to ensure that Mr. Barbaros receive the necessary care and attention with a psychiatric specialist.

65. At all times relevant to this Complaint, defendants Monroe County, MCCF and Primecare, with deliberate indifference, failed to develop and implement policies, practices, and procedures to ensure that Mr. Barbaros would receive proper follow-up care and psychiatric intervention.

66. The harms suffered by Mr. Barbaros are the direct and proximate result of the policy, practice, and custom of defendants Monroe County, MCCF and Primecare, of refusing or delaying inmates' necessary treatment with medical specialists, or otherwise interfering with such treatment.

67. Defendants Monroe County, MCCF and Primecare failed to take steps to ensure that information regarding inmates such as Mr. Barbaros – including but not limited to the inmates' reports of injuries, the results of examinations and tests, and the diagnoses of disorders – were promptly communicated to the inmates' other medical and mental health providers working in MCCF so that medical services were coordinated in such a way as to have avoided the harms sustained by Mr. Barbaros.

68. At all times relevant to this Complaint, all defendants were deliberately indifferent to the serious medical needs of Mr. Barbaros.

69. At all times relevant to the Complaint, the conduct of all defendants, their agents, servants and/or employees, was intentional, willful, reckless, and grossly negligent with respect to Mr. Barbaros' rights under federal and state law.

70. As a direct and proximate result of defendants' conduct, Mr. Barbaros suffered substantial damages, including pain and suffering, embarrassment, emotional distress, and loss of

the enjoyment of life, and death.

71. As a direct result of the failure of the medical defendants to diagnose, treat or react in any way to Mr. Barbaros' psychiatric condition, Mr. Barbaros developed severe withdrawal symptoms and ultimately suffocated himself using shreds of his t-shirt.

72. Without any regard for Mr. Barbaros' safety, defendants ignored Mr. Barbaros' medical condition and denied him medical treatment that he desperately needed

73. Defendants failed to protect Mr. Barbaro and knowingly failed to provide him with medical treatment that he desperately needed.

74. Further, the correctional officer defendants showed deliberate indifference to Mr. Barbaros when they failed to conduct the cell check of his neighboring inmate every 15 minutes on the night that he committed suicide and then attempted to cover their failure through misrepresentations and falsification of records.

75. As a direct and proximate result of the defendants' actions, Mr. Barbaros was deprived of rights, privileges and immunities under the Fourth, Fifth, Eight and Fourteenth Amendments to the United States Constitution and in particular the right to be free from cruel and unusual punishment, the right to be provided proper and adequate medical treatment and the right to due process of law.

## COUNT ONE
### Plaintiff v. Individual Defendants
### Federal Constitutional Claims

76. Plaintiffs hereby incorporate the allegations contained in paragraphs 1 through 75, inclusive, of their Complaint as if the same were set forth at length herein.

77. The correctional officer defendant and medical defendants as well as John Doe, PSS, and John Does I-V were deliberately indifferent to Mr. Barbaros' serious medical needs and

12

thereby violated Mr. Barbaros' right to be free from cruel and unusual punishment under the Eighth Amendment to the United States Constitution and/or Mr. Barbaros' right to due process of law under the Fourteenth Amendment to the United States Constitution.

78. As a direct result of the actions and inactions of these defendants, Mr. Barbaros suffered the harms set forth above, including, but not limited to severe Paxil withdrawal symptoms and ultimately death.

## COUNT TWO
### Plaintiff v. Individual Correctional Officer Defendants
### Supplemental Claims

79. Plaintiffs hereby incorporate the allegations contained in paragraphs 1 through 78, inclusive, of their Complaint as if the same were set forth at length herein.

80. Correctional officer defendants intentionally inflicted emotional distress upon Mr. Barbaros.

81. Correctional officer defendants, acting in concert and conspiracy, committed acts in violation of Mr. Barbaros' Constitutional Rights and against the laws of Pennsylvania. The correctional officer defendants made statements among themselves and others in order to conceal their unlawful and unconstitutional conduct and in an attempt to deny Mr. Barbaros' access to the courts and to due process and to cover-up the wrongful cruel and unusual punishment to which Mr. Barbaros was submitted and to cover-up the deliberate indifference which was shown to Mr. Barbaros.

82. Correctional officer defendants performed overt acts in furtherance of the conspiracy.

83. As a result of the above actions, Mr. Barbaros suffered the damages as set forth in this Complaint.

## COUNT THREE
### Plaintiff v. Defendants Monroe County, MCCF and Primecare
### Federal Constitutional Claims

84. Plaintiffs hereby incorporate the allegations contained in paragraphs 1 through 83, inclusive, of their Complaint as if the same were set forth at length herein.

85. As a direct and proximate result of all defendants' conduct, committed under color of state law, and the deliberate indifference of Defendants Monroe County, MCCF and Primecare to Mr. Barbaros' serious medical needs, Mr. Barbaros was denied the right to be free from cruel and unusual punishment under the Eighth Amendment to the United States Constitution and/or to due process of law under the Fourteenth Amendment to the United States Constitution. As a result, Mr. Barbaros suffered harm in violation of his rights under the laws and Constitution of the United States, in particular the Eighth and Fourteenth Amendments, and 42 U.S.C. §1983.

86. The violations of Mr. Barbaros' constitutional rights, Mr. Barbaros' damages, and the conduct of the individual defendants were directly and proximately caused by the deliberate indifference of Monroe County, MCCF and Primecare to the need for training, supervision, investigation, monitoring, or discipline with respect to the provision of specialized medical care to inmates.

87. The violations of Mr. Barbaros' constitutional rights, Mr. Barbaros' damages, and the conduct of the individual defendants were directly and proximately caused by the encouragement, tolerance, ratification of, and/or deliberate indifference of Monroe County, MCCF and Primecare to, policies, practices, and/or customs of refusing, delaying, failing to coordinate, or otherwise interfering with inmates' necessary treatment with medical specialists.

88. The violations of Mr. Barbaros' constitutional rights, Mr. Barbaros' damages, and

the conduct of the individual defendants were directly and proximately caused by the failure of Monroe County, MCCF and Primecare, with deliberate indifference, to develop and implement policies, practices, and procedures to ensure that inmates receive proper follow-up medical care or medical care from medical specialists.

89. As a direct result of the actions and inactions of these defendants, Mr. Barbaros suffered the harms set forth above, including, but not limited to severe Paxil withdrawal symptoms and ultimately death.

## COUNT FOUR
### Plaintiff v. Medical Defendants, Primecare, Monroe County and MCCF
### State Law Negligence Claims

90. Plaintiffs hereby incorporate the allegations contained in paragraphs 1 through 89, inclusive, of their Complaint as if the same were set forth at length herein.

91. The medical defendants had a duty to comply with generally accepted medical standards of care in their treatment of Mr. Barbaros.

92. The medical defendants violated their duty of care to Mr. Barbaros.

93. The medical defendants' violations of their duty of care to plaintiff was a direct and proximate cause and a substantial factor in bringing about Mr. Barbaros' damages outlined above, and, as a result, the medical defendants are liable to plaintiff.

94. As the individual medical defendants were acting as agents, servants, and/or employees of Monroe County, MCCF and/or Primecare, and were acting within the scope and course of their employment, and under the direct control and supervision of Monroe County, MCCF and/or Primecare, Monroe County, MCCF and Primecare are liable to plaintiff on the basis of *respondeat superior* liability.

15

## COUNT FIVE
## Plaintiff v. Defendants
## Wrongful Death

95. Plaintiffs hereby incorporate by reference the allegations contain in paragraphs 1 through 94, inclusive, of their Complaint, as if the same were set forth in full herein.

96. As a result of the aforesaid negligent acts and/or omissions of defendants resulting in Mr. Barbaros' death, Mr. Barbaros' survivors have suffered damages for pecuniary loss including but not limited to the following:

   a. funeral, burial and estate administrative expenses;

   b. medical expenses; and

   c. such other pecuniary losses recoverable under the Wrongful Death Act and applicable Pennsylvania law.

97. As a result of the aforesaid negligent acts and/or omissions of defendants resulting in Mr. Barbaros' death, Mr. Barbaros' survivors have suffered, and will continue to suffer for an indefinite time in the future, and claim damages for losses including but not limited to the following:

   a. loss of the pecuniary value of the services, society, comfort, companionship, maintenance, guidance, tutelage, moral upbringing, support, protection and enjoyment which decedent would have provided for the remainder of decedent's natural life; and

   b. such other pecuniary contributions the survivors could have expected to receive from the decedent and were caused to lose as a direct and proximate result of defendants negligence and carelessness; and

   c. such other losses recoverable under applicable Pennsylvania law.

98. On behalf of the Wrongful Death beneficiaries, the Administrators claim damages for the monetary support the decedent would have provided to the beneficiaries during his lifetime.

16

## COUNT SIX
### Plaintiff v. Defendants
### Survival Action

99. Plaintiffs hereby incorporate by reference the allegations contain in paragraphs 1 through 98, inclusive, of their Complaint, as if the same were set forth in full herein.

100. Plaintiffs claim damages for the pain and mental suffering undergone by Mr. Barbaros prior to his death, and the loss of earning capacity suffered by Mr. Barbaros from the time of his injury until such time as he probably would have lived had he not died as a result of the defendants' negligence as described above.

101. Plaintiffs bring this action on behalf of the Estate of Mumun Barbaro, deceased, pursuant to the Pennsylvania Survival Act, 42 Pa.C.S.A. Section 8302 and claims all damages encompassed thereby on behalf of said Estate.

### REQUESTED RELIEF

Wherefore, Plaintiffs respectfully request:

1. Compensatory damages;

2. Punitive damages against the individual defendants and Defendants Monroe County, MCCF and Primecare;

3. Reasonable attorneys' fees and costs;

4. Such other and further relief as may appear just and appropriate.

5. Plaintiff hereby demands a jury trial as to each count and each defendant.

EDWARD F. CHACKER, ESQUIRE
BRIAN S. CHACKER, ESQUIRE
GAY CHACKER & MITTIN, P.C.
1731 Spring Garden Street
Philadelphia, PA 19130
(215) 567-7955
fax: (215) 567-6809
bchacker@gaychackermittin.net

**Attorneys for Plaintiff**
**Peter A. Ponzini and Miryem Barbaros, as Co-Administrators of the**
**Estate of Mumum Barbaros, deceased**

Date: March 2, 2011

18

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PETER PONZINI, ESQUIRE and MIRYEM BARBAROS, as Co-Administrators of the Estate of MUMUN BARBAROS, deceased Plaintiffs, v. MONROE COUNTY et al., Defendants. | : : : JURY TRIAL DEMANDED : : : : NO. _____ : : : |

### CERTIFICATE OF MERIT

I, Brian S. Chacker, Esquire, hereby certify that an appropriate licensed professional has supplied a written statement that there exists a reasonable probability that the skill and/or knowledge exercised in the practice of medicine by defendants Primecare Medical, Inc. and the medical defendants that is the subject of this complaint falls outside acceptable professional standards and that such conduct was a cause in bringing about harm to Mumun Barbaros, deceased.

_____
BRIAN S. CHACKER, ESQUIRE
GAY CHACKER & MITTIN, P.C.
1731 Spring Garden Street
Philadelphia, PA 19130
(215) 567-7955

**Attorneys for Plaintiff**
Peter A. Ponzini and Miryem Barbaros, as Co-Administrators of the Estate of Mumum Barbaros, deceased

Date: March 2, 2011