IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

PETER PONZINI and
MARYEM BARBAROS, as
Co-Administrators of the Estate of
MUMUN BARBAROS, Deceased,

    Plaintiffs,

v.      3:11-CV-00413
      (JUDGE MARIANI)

MONROE COUNTY, et al.,

    Defendants.

## MEMORANDUM OPINION

### I.   Procedural History

Presently before the Court is a Motion to Dismiss filed by Defendant William Buffton. (*See* Def. William Buffton's Mot. to Dismiss, Doc. 82.) The Complaint alleges that Buffton is a physician affiliated with Defendant Primecare Medical, Inc., which provided treatment for inmates at the Monroe County Correctional Facility.[1] (*See* Am. Compl. Doc. 43, at ¶ 15.) According to the Amended Complaint, Dr. Buffton was also a treating physician for inmate Mumun Barbaros. (*Id.* at ¶ 19.) Mr. Barbaros committed suicide while incarcerated, which led to the present lawsuit against twenty-seven named defendants, including Buffton. (*See generally id.*)

---

[1] Buffton testifies that he is in fact a mental health worker, not a medical doctor, and that he was employed by the Correctional Facility, not by Primecare. (See Affidavit of William Buffton, Doc. 98, Ex. A, at ¶¶ 3-9.) For purposes of this Opinion, however, such disputes are immaterial.

Buffton's Motion to Dismiss rests on a number of grounds. (*See, e.g.*, Def. William Buffton's Brief in Supp. of Mot. to Dismiss, Doc. 85, at 3-4 (listing the issues presented in the Motion).) Most importantly, however, Buffton moves for dismissal under Federal Rule of Civil Procedure 12(b)(4) and 12(b)(5) for insufficient service of process. (*Id.* at 9.) Federal Rule of Civil Procedure 4(m) sets the timeframe for valid service of process, providing that:

> [i]f a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). In this case, the Amended Complaint was filed on June 23, 2011. (*See* Doc. 43). The summons was issued to Buffton on July 24, 2013, (*see* Doc. 78), and service was finally effected on August 2, 2013, (*see* Process Receipt and Return, Doc. 79, at 1)—a full 771 days after the filing of the Complaint.

## II. Analysis

> [The Third Circuit] has developed a two-pronged inquiry to determine whether the grant of an extension of time in which to serve [*nunc pro tunc*] is proper under Rule 4(m). First, the court must determine whether good cause exists for the failure to have effected service in a timely manner. If so, the extension must be granted. If good cause has not been shown, however, the court still may grant the extension in the sound exercise of its discretion.

*McCurdy v. Am. Bd. of Plastic Surgery*, 157 F.3d 191, 196 (3d Cir. 1998).

### a. Good Cause

"Good cause" is equated "with the concept of 'excusable neglect' of Federal Rule of Civil Procedure 6(b)(2), which requires 'a demonstration of good faith on the part of the

2

party seeking an enlargement and some reasonable basis for noncompliance within the time specified in the rules.'" *MCI Telecomm. Corp. v. Teleconcepts, Inc.*, 71 F.3d 1086, 1097 (3d Cir. 1995) (quoting *Petrucelli v. Bohringer and Ratzinger*, 46 F.3d 1298, 1312 (3d Cir. 1995) (Becker, J., concurring in part and dissenting in part)). Typically, "courts have considered three factors in determining the existence of good cause: (1) reasonableness of plaintiff's efforts to serve, (2) prejudice to the defendant by lack of timely service, and (3) whether plaintiff moved for an enlargement of time to serve." *Id.* (citing *United States v. Nuttall*, 122 F.R.D. 163, 166-67 (D. Del. 1988)).

In the present case, Plaintiffs never filed an extension of time to serve, but only initiated the service process more than two years after the filing of the Amended Complaint, when on "July 1, 2013, during the deposition of a correctional officer and LPN, Paul James, . . . it became apparent that defendant Buffton remained unrepresented and had not been served." (Pls.' Brief in Opp. to Mot. to Dismiss of Def. William Buffton, Doc. 96, at 19.) The essential issue is whether Plaintiffs have shown that a 771-day delay—nearly six and a half times the time allowed for service in Federal Rule 4(m), while the case proceeded through discovery in Buffton's absence—was reasonable.

In this regard, Plaintiffs' explanations for their failure to serve are rather lackluster. They allege only that "[i]nitially the Complaint was served with a Waiver of Service at the same location as all of the other medical defendants. . . . Once plaintiffs were notified that defendant Buffton was not employed by defendant PrimeCare Medical, Inc., numerous

3

internet searches were conducted during which no address could be located." (Doc. 96 at 18.) When these Internet searches were unavailing and "the case began to move forward with substantial motion practice, the filing of an Amended Complaint and additional motions to dismiss," the Plaintiffs appear to have simply assumed that Buffton had been served and was represented by counsel. Notwithstanding the fact that, by Plaintiffs' own admission, Buffton was not employed by PrimeCare, Plaintiffs "proceeded under the impression that counsel for all of the other medical defendants also was representing defendant Buffton." (*Id.* at 19.)

The Court cannot find these meager efforts at service reasonable, for several reasons. First, Plaintiffs never articulate what led them to the conclusion that Buffton was represented by counsel when (a) they were already notified that he was not employed by PrimeCare and (b) they had already begun—and then inexplicably ended—a search for a location to serve him. Second, Plaintiffs do not explain how "numerous internet searches" constitute a sufficient attempt to find Buffton. They do not offer evidence of inquiring with properly-served Defendants PrimeCare or Monroe County Correctional Facility for information as to Buffton's last known place of abode, last known employer, or recent contact information. They do not offer evidence that they attempted, through the use of a professional investigator or a similar service, to research Buffton's whereabouts, or that they consulted any non-Internet resources, such as a phone book, that may contain different information. Nor do they offer evidence of any alternative types of service attempted, such

as service by publication, after other attempts had failed. Third, Plaintiffs do not explain why they gave up searching for Buffton just because his whereabouts were not disclosed during Internet searches. Fourth—and most troublesome of all—Plaintiffs do not explain why, if they could not locate Buffton when the Amended Complaint was filed in 2011, they apparently had no trouble locating and serving him in 2013 after they discovered their oversight.

Accordingly, the Plaintiffs have failed to show good cause for their long delay in service. While it is understandable that an action with twenty-seven named defendants will engender certain administrative difficulties, such difficulties are not sufficient to override the "fundamental requirement of due process in any proceeding which is to be accorded finality" of "notice reasonably calculated . . . to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 70 S. Ct. 652, 657, 94 L. Ed. 865 (1950).

### b. Exercise of Discretion

Notwithstanding the fact that Plaintiffs have not shown good cause for the delay in service, the Court may grant an extension of time to serve *nunc pro tunc* if it finds, in the exercise of its discretion, that such an extension is warranted. *McCurdy*, 157 F.3d at 196. However, a review of the various factors that could weigh in favor of granting a discretionary extension indicate that such doing so would be inappropriate.

In deciding whether to exercise a discretionary extension of time, courts may consider such factors as whether the defendant had "actual notice of the legal action; prejudice to the defendant; the statute of limitations on the underlying causes of action; the conduct of the defendant; and whether the plaintiff is represented by counsel, in addition to any other factor that may be relevant when deciding whether to grant an extension or dismiss the complaint." *See, e.g., Chiang v. U.S. Small Bus. Admin.*, 331 Fed. App'x 113, 116 (3d Cir. 2009).

Here, the only consideration that could warrant an extension is that the underlying statute of limitations has expired against Buffton. (*See* Doc. 96 at 20.) Thus, dismissing him will be effectively a dismissal with prejudice.[2] Nonetheless, "the running of the statute of limitations does not require the district court to extend time for service of process." *Petrucelli*, 46 F.3d 1306. Indeed, to grant an extension only because of the expiration of the statute would in many cases serve only to reward dilatory and half-hearted service.

The Court is, furthermore, aware of no cases in this Circuit or elsewhere in which a delay of anything approximating 771 days was excused solely on the basis of a resulting expiration of the statute of limitations, when the serving Plaintiff was represented by counsel. *Cf., e.g., McCrae v. KLLM, Inc.*, 89 Fed. App'x 361, 364 (3d Cir. 2004) ("McCrae's efforts to serve the defendants were at best 'half-hearted' and reflected 'inadvertence of

---

[2] Ordinarily, dismissal for failure to comply with Rule 4(m) must be without prejudice. Fed. R. Civ. P. 4(m). However, where, as here, the statute of limitations period has expired, Plaintiffs will be barred by the statute of limitations from realleging their claims against Buffton, making Rule 4(m)'s "without prejudice" requirement inapplicable.

6

counsel,' not 'excusable neglect.' After the many delays in attempting service during the initial 120 days, the district court granted a sixty-day extension [i.e., allowing at most 180 days for service]. McCrae did not request the sheriff to make service until forty days of that time had elapsed [i.e., until 160 days of filing]."); *Newby v. Enron Corp.*, 284 Fed. App'x 146, 149-150 (5th Cir. 2008) ("The reasons cited by Plaintiffs–Appellants . . . relate to inadvertence, mistake of counsel, and unfamiliarity with rules, all matters that fall short of the excusable neglect threshold, especially considering the length of delay [1,053 days] in effecting service and the continued delay after learning of defects in service.")

Moreover, while the Court realizes that dismissing Bufftori may ultimately harm the Plaintiffs for what is most likely their counsel's oversight, "when a delay is the result of the inadvertence of counsel, it need not be excused" on that basis alone. *See Lovelace v. Acme Markets, Inc.*, 820 F.2d 81, 84 (3d Cir. 1987). Plaintiffs may be prejudiced by their counsel's error, but this prejudice is fairly outweighed by the prejudice that would be inflicted on Buffton by forcing him to defend a lawsuit when the limitations period has expired, solely because of Plaintiffs' counsel's error. *Cf. United States v. Kubrick*, 444 U.S. 111, 117, 100 S. Ct. 352, 356-57, 62 L. Ed. 2d 259 (1979) ("Statutes of limitations . . . represent a pervasive legislative judgment that it is unjust to fail to put the adversary on notice to defend within a specified period of time and that the right to be free of stale claims in time comes to prevail over the right to prosecute them.") (internal quotations omitted). Indeed, the obvious prejudice to the Plaintiffs that could ensue from dismissing Buffton as a defendant in this

7

case cannot properly outweigh the prejudice to Buffton if his Motion is denied, considering that the source of Plaintiffs' prejudice is solely of their own counsel's making, whereas Buffton, in such circumstances, would be prejudiced for mistakes to which he in no way contributed. There is no evidence that Buffton evaded service or in any way impeded any efforts to locate him. Rather, Buffton himself testifies by affidavit to having lived since 1995 at an address located less than three miles from the federal courthouse at which his case would be tried. (*See* Doc. 98, Ex. A, at ¶ 12 (testifying to address).)

The scales tip further in Buffton's favor based on the lack of evidence that he had actual notice of the pending action against him. Even though Plaintiffs argue that the case remained in the early stages of discovery, (*see* Doc. 96 at 20), Plaintiffs admit that "substantial motion practice," "written discovery," and "three brief depositions" have occurred in the two years since this case was filed, (*id.*). Buffton was not represented by counsel during any of these events; accordingly, for two years, his legal rights have remained unprotected while adverse legal proceedings continued against him. This is an obvious source of prejudice, against which the requirements of notice were expressly meant to protect.

Accordingly, it would be inappropriate for the Court to exercise its discretion to extended time *nunc pro tunc.*

## III.     Conclusion

For the foregoing reasons, Defendant William Bufftton's Motion to Dismiss (Doc. 82) is **GRANTED** on the basis of improper service of process. All other substantive grounds discussed in the Motion are therefore moot. A separate Order follows.

_____
Robert D. Mariani
United States District Judge