**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| PETER PONZINI, ESQUIRE and MIRYEM BARBAROS, as Co-Administrators of the Estate of Mumun Barbaros, Deceased, Plaintiffs | : : : : : | NO. 3:11-CV-413 JUDGE ROBERT D. MARIANI *ELECTRONICALLY FILED* |
| v. | : : | CIVIL ACTION – LAW |
| MONROE COUNTY, et al., Defendants | : : | JURY TRIAL DEMANDED |

**BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT
OF PRIMECARE MEDICAL DEFENDANTS**

**I.   PROCEDURAL BACKGROUND**

This action arises from the incarceration of Mumun Barbaros at the Monroe County Correctional Facility (hereinafter "MCCF") from March 18, 2009 until March 22, 2009. Mr. Barbaros' Estate commenced the instant wrongful death and survival action on March 3, 2011. An Amended Complaint was filed on June 23, 2011 (Doc 43), which asserts allegations of deliberate indifference, intentional infliction of emotional distress and medical negligence against Defendants, PrimeCare Medical, Inc., Dr. Deborah Wilson, Christina Rowe, Patricia Bauer, Wendy Johnson, Paul S. James, and Grace Ramos (hereinafter "PrimeCare Medical Defendants). Pursuant to this Court's August 18, 2014 Order, all dispositive motions with supporting briefs are to be filed by December 12, 2014. (Doc. 116). Contemporaneous with the filing of this Brief,

PrimeCare Medical Defendants have filed a Statement of Undisputed Facts and Motion for Summary Judgment. This Brief is offered in support thereof.

## II. STATEMENT OF FACTS

PrimeCare Medical Defendants incorporate their Statement of Undisputed Facts as though set forth at length herein.

## III. ISSUES PRESENTED

A. SHOULD THIS COURT GRANT SUMMARY JUDGMENT IN FAVOR OF THE PRIMECARE MEDICAL DEFENDANTS WHERE THE RECORD DOES NOT SUPPORT THAT THEY WERE DELIBERATELY INDIFFERENT TO A SERIOUS MEDICAL CONDITION?

B. SHOULD THIS COURT GRANT SUMMARY JUDGMENT IN FAVOR OF THE PRIMECARE MEDICAL DEFENDANTS WHERE THE RECORD DOES NOT SUPPORT A CLAIM FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS?

C. SHOULD THIS COURT GRANT SUMMARY JUDGMENT IN FAVOR OF PRIMECARE MEDICAL, INC. WHERE PLAINTIFF CANNOT DEMONSTRATE A MONELL CAUSE OF ACTION?

D. SHOULD THIS COURT GRANT SUMMARY JUDGMENT IN FAVOR OF THE MEDICAL DEFENDANTS WHERE PLAINTIFF HAS FAILED TO PRESENT EVIDENCE THAT THE TREATMENT PROVIDED BY THE PRIMECARE MEDICAL DEFENDANTS FELL BELOW THE STANDARD OF CARE?

Suggested Answer: Yes to all. Summary judgment is appropriate based upon the evidence of record.

## IV. ARGUMENT

### A. Summary Judgment Standard

Federal Rule of Civil Procedure 56 governs motions for summary judgment, and section (c) states in part:

2

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of any material fact and that the moving party is entitled to judgment as a matter of law.

There is an issue of material fact only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S.Ct. 993, L.Ed.2d 176 (1986).  A plaintiff must "point to concrete evidence in the record that supports each and every essential element of his case" to survive summary judgment.  Orsatti v. New Jersey State Police, 71 F.3d 480,484 (3rd Cir. 1995).

### B. This Honorable Court Should Grant Summary Judgment In Favor Of The Medical Defendants Because The Record Does Not Support That They Were Deliberately Indifferent To Mr. Barbaros' Serious Medical Needs.

In order to demonstrate a viable § 1983 claim, a plaintiff must establish that the conduct complained of was committed by a person acting under color of state law and that said conduct deprived the plaintiff a right, privilege, or immunity secured by the Constitution or by laws of the United States.  Cohen v. City of Phila., 736 F.2d 81, 83 (3rd Cir. 1984).  A defendant's conduct must have a close causal connection to the plaintiff's injury for § 1983 liability to attach.  Martinez v. Cali., 444 U.S. 277 (1980).  Negligent conduct is not actionable under § 1983.  West v. Atkins, 487 U.S. 42, 54 (1988).

The Court promulgated the standard necessary to establish a claim for a violation of the Eighth Amendment Law of Cruel and Unusual Punishment in the context of medical care in Estelle v. Gamble, 429 U.S. 97 (1976).  The standard has two prongs:

(1) it requires deliberate indifference on the part of the prison officials, and (2) it requires the prisoner's medical needs to be serious. Estelle v. Gamble, *supra*.; and Monmouth County Correctional Institutional Inmates v. Lanzaro, 834 F.2d 326, 346 (3rd Cir. 1987), *cert. denied* 486 U.S. 1006 (1988). Deliberate indifference is more than inadvertence or good faith error, it is characterized as "obduracy and wantonness." Whitley v. Albers, 475 U.S. 312 (1986). Negligent misdiagnosis or an inadvertent failure to provide care does not establish a constitutional violation. Estelle, 429 U.S. at 97. "The Courts will not intervene upon allegation of mere negligence, mistake or difference of opinion . . . [f]or a constitutional tort to arise and for a cause of action to be stated under § 1983, the complainant must [prove] deliberate indifference to his continued health and well-being." Bowring v. Godwin, 551 F.2d 44, 48 (4th Cir. 1977). Moreover, there must be proof that the conduct alleged was deliberate and intentional. Hampton v. Holmesburg, 546 F.2d 1077, 1081 (3rd Cir. 1976). Exceptional circumstances must be present, amounting to conduct so grossly incompetent, inadequate, or excessive as to shock the general conscious or to be intolerable to fundamental fairness. Walnorch v. McMonagle, 412 F.Supp. 270, 274 (E.D. Pa. 1976), citing Gittlemacher v. Prasse, 428 F.2d 1 (3rd Cir. 1970). Plaintiff's allegations in this matter amount to nothing more than a difference of opinion as to whether the proper medical treatment was rendered, not deliberate indifference; therefore, they cannot support a recoverable claim under § 1983. Bednar v. County of Schuylkill, 29 F.Supp.2d 250, 253 (E.D. Pa. 1998), quoting United States ex rel. Walker v. Fayette County Pennsylvania, 599 F.2d 573, 575 fn 2 (3rd Cir. 1979).

As demonstrated in PrimeCare Medical Defendants' Statement of Undisputed Facts and Motion for Summary Judgment, Mr. Barbaros was offered continuous medical treatment during his four-day incarceration. He was evaluated by three separate medical professionals and administered medications by at least two others. In addition, he was scheduled to see a medical doctor and psychiatrist. Mr. Barbaros had continuous access to medical care, therefore, the PrimeCare Medical Providers cannot be found to have acted with deliberate indifference to his serious medical needs.

At most, there was a delay in prescribing Paxil to Mr. Barbaros following his incarceration. A delay in treatment does not automatically rise to the level of deliberate indifference. "The mere fact that an inmate may not have received treatment as quickly as he would have liked, or in the manner he would have preferred does not serve to show a constitutional violation." Jackson v. City of Phila., 2012 U.S. Dist. LEXIS 81787, 2012 WL 2135506 (E.D. Pa. June 13, 2012). A delay in treatment only amounts to deliberate indifference when a prison official intentionally denies or delays a prisoner's access to medical care. *See*, Id.

It is clear from the record that the PrimeCare Medical Defendants made reasonable efforts to verify Mr. Barbaros' medications the very day he arrived at MCCF. When the medications could not be verified, Mr. Barbaros was scheduled to see a medical provider to determine if medications were medically necessary. Once the medications were verified on March 20, 2009, Mr. Barbaros was immediately prescribed and administered the medications. As such, it cannot be shown that the PrimeCare Medical Defendants intentionally delayed or denied medical care to Mr. Barbaros.

**C. This Honorable Court Should Grant Summary Judgment In Favor Of The Primecare Medical Defendants Because The Record Does Not Support A Claim For Intentional Infliction Of Emotional Distress.**

"To maintain a claim for intentional infliction of emotional distress, a plaintiff must allege intentional or reckless conduct by a defendant which is 'so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized society.'" Lane v. Cole, 88 F. Supp. 2d 402 at 406 (E.D. Pa. 2000), *citing* Hoy v. Angelone, 554 Pa. 134 (1998). With respect to such a claim, this Court has stated,

> In Pennsylvania, "[o]ne who by extreme and outrageous conduct intentionally or recklessly causes severe emotional distress to another is subject to liability for such emotional distress, and if bodily harm to the other results from it, for such bodily harm." Taylor v. Albert Einstein Med. Ctr., 562 Pa. 176, 754 A.2d 650, 652 (Pa. 2000). Such tortious conduct "'must be so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized society.'" Hoy v. Angelone, 554 Pa. 134, 720 A.2d 745, 753 (Pa. 1998) (quoting Buczek v. First National Bank of Mifflintown, 366 Pa. Super. 551, 531 A.2d 1122, 1125 (Pa. Super. 1987)). Under this standard, "[i]t has not been enough that the defendant has acted with an intent which is tortious or even criminal, or that he has intended to inflict emotional distress, or even that his conduct has been characterized by 'malice,' or a degree of aggravation which would entitle the plaintiff to punitive damages for another tort." Daughen v. Fox, 372 Pa. Super. 405, 539 A.2d 858, 861 (Pa. Super. 1988) (quoting Restatement (Second) of Torts § 46(1) (1965), Comment(d)).

Baumgardner v. Ebbert, 2013 U.S. Dist. LEXIS 42767 at 45-46 (M.D. Pa. Mar. 26, 2013). Plaintiff has not offered any evidence of such outrageous behavior by the PrimeCare Medical Defendants. The evidence presented clearly demonstrates that the PrimeCare Medical Defendants consistently rendered appropriate, medically necessary treatment to Mr. Barbaros.

### D. This Honorable Court Should Grant Summary Judgment In Favor Of The Primecare Medical Defendants Because The Record Does Not Support A *Monell* Cause Of Action.

"It is well established that, [a] private corporation contracted by a prison to provide health care for inmates cannot be held liable on a respondeat superior theory; rather, it can only be held liable for constitutional violations if it has a custom or policy exhibiting deliberate indifference to a prisoner's serious medical needs." Henry v. Buskirk, 2011 U.S. Dist. LEXIS 18644 (E.D. Pa. 2011) (citing Natale v. Camden County Correctional Facility, 318 F.3d 575, 583-84 (3d Cir. 2003) and Monell v. New York City Dep't of Soc. Servs., 436 U.S. 658, 690-92, (1978)). Not all actions rise to the level of a custom or policy. Natale v. Camden County Correctional Facility, 318 F.3d 575, 584 (3d Cir. 2003). A policy is made when a decision maker possessing final authority to establish municipal policy with respect to the action issues a final proclamation, policy or edict. Id. A custom is an act, while not approved by a decision maker, which is so widespread as to have the force of law. Id.

Plaintiff's own expert concedes that the policies of PrimeCare Medical, Inc. were sufficient. Plaintiff's sole argument against PrimeCare Medical, Inc. is that a practice existed amongst PrimeCare employees to not fully comply with the applicable policies which resulted in deliberate indifference to Mr. Barbaros' medical needs; however, Plaintiff has failed to offer any evidence that PrimeCare Medical, Inc. was aware of this practice. The Third Circuit Court of Appeals has recently spoken on this topic stating,

> a state official, by virtue of his or her *own* deliberate indifference to *known* deficiencies in a government policy or procedure, has allowed to develop an environment in which there is an unreasonable risk that a constitutional injury will occur, and that such an injury *does* occur. Liability in such a

situation is, as *Iqbal* requires, imposed not vicariously but based on the supervisor's own misconduct, because to exhibit deliberate indifference to such a situation is a culpable mental state under the Eighth Amendment.

Barkes v. First Corr. Med., Inc., 766 F.3d 307 at 320 (3d Cir. 2014), *emphasis in original.* To establish that PrimeCare Medical, Inc. exhibited a deliberate indifference to Plaintiff's serious medical needs, Plaintiff must demonstrate that PrimeCare Medical had actual knowledge that its policies were being violated and that such violation led to the harm of which Plaintiff complains. Plaintiff has failed to meet this burden.

> **E. This Honorable Court Should Grant Summary Judgment In Favor Of The Primecare Medical Defendants Because The Record Does Not Demonstrate That The Treatment Rendered Fell Below The Standard Of Care And Proximately Caused Plaintiff's Injuries.**

To establish negligence in the context of medical treatment, the plaintiff must present expert testimony to establish that the defendant's conduct fell short of the required standard of care and that this conduct proximately caused the alleged injury. Toogood v. Owen J. Rogal, D.D.S., P.C., 824 A.2d 1140, 1145 (Pa. 2003). While Plaintiff's experts do opine that the treatment rendered by the Primecare Medical Defendants fell below the standard of care, they fail to demonstrate that any such deviation in the standard of care proximately caused Mr. Barbaros' death.

There is no dispute that Mr. Barbaros was provided with medical care throughout his incarceration. The medical staff consistently made efforts to verify Mr. Barbaros' medications, schedule him with appropriate medical providers to evaluate his medical needs, and respond to the complaints he expressed to the medical staff. At no time did

Mr. Barbaros express any suicidal ideation to the medical staff, correctional staff, or his wife.

The medical staff could only act based upon the information available to them at the time. Unfortunately, the medical staff did not have the full picture of Mr. Barbaros' medication history due to his own erroneous reporting and his failure to indicate his prescriptions had been filled under the name "Martin." Further, he did not request his psychiatric medication during any of his encounters with the Primecare Medical Defendants. Likewise, he did not indicate that he was experiencing any psychiatric symptoms that would indicate he was experiencing withdrawal.

The medical staff could not reasonably identify possible Paxil withdrawal symptoms when it was not known that Mr. Barbaros was taking this medication. The PrimeCare Medical Defendants did not learn that Mr. Barbaros was taking Paxil until March 20, 2009, at 9:40 p.m., when Nurse Ramos was able to confirm the prescriptions with CVS. Without this information, it would not have been reasonable for the PrimeCare Medical Defendants to consider discontinuation syndrome as a diagnosis. Once it was known that Mr. Barbaros was taking Paxil, the PrimeCare Medical Defendants did not observe any behavior which would have led them to believe Mr. Barbaros was suffering from discontinuation syndrome. Similarly, the correctional staff did not notify PrimeCare Medical Defendants of any odd behavior exhibited by Mr. Barbaros which may have been medically relevant. Finally, even if the PrimeCare Medical Defendants had instituted suicide prevention watches for Mr. Barbaros, they

could not have known that Jessie Cleare would fail to conduct his required rounds to verify the well being of Mr. Barbaros and other inmates on March 22, 2009.

When the evidence is considered as a whole, it is clear that while Mr. Barbaros' death was tragic, it was not proximately caused by any action or inaction of the PrimeCare Medical Defendants.

**V.    CONCLUSION**

The evidence of record fails to establish that the PrimeCare Medical Defendants acted with deliberate indifference to Mr. Barbaros' serious medical needs, acted with such outrageous behavior to be construed as intentional infliction of emotional distress or that the treatment they rendered fell below the standard of care and such deviation in care was a proximate cause of Plaintiff's death.  Based upon the foregoing, Defendants PrimeCare Medical, Inc., Dr. Deborah Wilson, Christina Rowe, Patricia Bauer, Wendy Johnson, Paul S. James, and Grace Ramos respectfully request that summary judgment be entered in their favor.

          Respectfully submitted,

          JOHNSON, DUFFIE, STEWART & WEIDNER

By:    s/John R. Ninosky
       John R. Ninosky, Esquire
       Attorney I.D. No. 78000
       301 Market Street ~P. O. Box 109
       Lemoyne, PA  17043-0109
       Telephone (717) 761-4540
       Email:  jrn@jdsw.com
       Attorney for PrimeCare Medical Defendants

Date:  December 12, 2014
669048

## **CERTIFICATE OF SERVICE**

I hereby certify on the 12th day of December, 2014, that the foregoing *Brief in Support of Motion for Summary Judgment* was electronically filed with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Brian S. Chacker, Esquire
Gay, Chacker & Mittin
1731 Spring Garden Street
Philadelphia, PA  19130-3915
bchacker@gaychackermittin.net
*Counsel for Plaintiffs*

Gerard J. Geiger, Esquire
Newman, Williams, Mishkin, Corveleyn, Wolfe & Fareri
712 Monroe Street
Stroudsburg, PA  18360
ggeiger@newmanwilliams.com
*Counsel for Monroe County Defendants*

John R. Hill, Esquire
The Perry Law Firm, LLC
87 South Commerce Way, Suite 740
Bethlehem, PA  18017
jrh@theperrylawfirm.com
*Counsel for Dr. Alex Thomas*

        JOHNSON, DUFFIE, STEWART & WEIDNER

        By:    s/John R. Ninosky
                  John R. Ninosky