THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

PETER PONZINI, ESQUIRE and :
MIRYEM BARBAROS, as :
Co-Administrators of the Estate of :
Mumun Barbaros, Deceased, :
                               :
        Plaintiffs, :
v.                          :    3:11-CV-00413
                               :    (JUDGE MARIANI)
MONROE COUNTY, et al., :
                               :
        Defendants. :

## MEMORANDUM OPINION

Presently before the Court are two motions in limine. In the first motion, Defendants ask the Court to Preclude Plaintiffs from Offering Photographs of Mumun Barbaros' Dead Body at Time of Trial. (Doc. 205). In the second motion, Defendants ask the Court to Preclude the Introduction of Any Death Scene and/or Autopsy Photographs of Mumun Barbaros. (Doc. 223).

Defendants maintain that the photographs are irrelevant "as there is no dispute that Mr. Barbaros is deceased." (Doc. 205, at 2). Alternatively, if the Court deems such photographs relevant, then Defendants' ask the Court to exclude the photographs pursuant to Federal Rule of Evidence 403 since their probative value is substantially outweighed by the danger of unfair prejudice. (*Id.*).

Plaintiffs oppose Defendants' Motions, asserting that "post-mortem photograms of Mr. Barbaros are highly relevant to the manner of Mr. Barbaros' death, including, *inter alia*,

whether his death was a suicide and the nature of the pain and suffering Mr. Barbaros endured as a result of suffocation." (Doc. 257, at 2). Moreover, Plaintiffs maintain that:

> The post-mortem photographs defendants seek to preclude depict Mr. Barbaros shortly after his death and show the foreign object that caused his suffocation (a tightly wound portion of a rolled up tee-shirt). . . . Indeed, the post-mortem photographs are so highly relevant to the issues of this case that numerous experts on both sides of this matter rely on the pictures in forming the opinions that they intend to present at trial.

(*Id.*).

Upon review of the photographs in question, (Doc. 257-2), the Court finds that the photographs are relevant to this litigation. Specifically, the photographs are relevant to the manner of Mr. Barbaros' death, as well as the pain and suffering Plaintiffs allege he endured. Moreover, the photographs were relied on by multiple expert witnesses in forming their opinions that they intend to present to the jury.

The Court further finds that the photographs in question are not so gruesome, shocking, or inflammatory as to warrant exclusion under Federal Rule of Evidence 403. *See United States v. Werther*, Criminal Action No. 11-434, 2013 WL 1410136, at *1 (E.D. Pa. Apr. 8, 2013) (admitting death scene photos after concluding that the photos in question are not particularly "gruesome, shocking" and do not "depict a horrific scene" such that they may inflame and prejudice a jury); *see also* 2 McCormick on Evidence § 215 (6th ed.) ("A photograph that presents gruesome details, such as a crime scene or autopsy photos, or photos of persons with personal injuries, may be objected to as unfairly prejudicial but typically are admitted.") (citations omitted)

2

While the Court is denying Defendants' Motions to preclude the introduction of photographs of decedent's corpse and autopsy photos, which contain both images of the tee-shirt decedent ingested and accompanying photographs of what appear to be the decedent's trachea, the Court notes that it may not be necessary for the Plaintiffs to introduce all 52 photographs they have identified. The Court will leave open the question of whether introduction of all of the photographs (many of which are graphically similar) should be excluded to the extent that they are so cumulative that their probative value is diminished by their repetitive representations. Accordingly, Defendants' Motions, (Docs. 205, 223), will be denied subject to the Court's reservation as to the introduction of all of the photographs as unnecessarily cumulative.

_____
Robert D. Mariani
United States District Judge