## THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PETER PONZINI, ESQUIRE and | : |
| MIRYEM BARBAROS, as | : |
| Co-Administrators of the Estate of | : |
| Mumun Barbaros, Deceased, | : |
| | : |
| Plaintiffs, | : |
| v. | :     3:11-CV-00413 |
| | :     (JUDGE MARIANI) |
| MONROE COUNTY, et al., | : |
| | : |
| Defendants. | : |

### MEMORANDUM OPINION

Presently before the Court are two motions in limine. In the first motion, Defendants ask the Court to Permit Evidence Concerning or Reasonably Relating to the Criminal Charges Issued against Plaintiff's Decedent, Mumun Barbaros. (Doc. 203). In the second motion, Plaintiffs ask the Court to Preclude from Trial any Reference to Specific Crimes Decedent Mumun Barbaros Was Alleged to Have Committed, His Religious Faith of Islamic Muslim, and the Impact any Speculative Conviction Could Have on Plaintiffs' Damages. (Doc. 228). The Court will address each in turn.

According to Defendants, the criminal charges against Mr. Barbaros are relevant to his state of mind. Specifically, Defendants assert that, given the nature of the multiple serious criminal charges against Mr. Barbaros, the charges are highly relevant to this litigation "since they will offer insight into Mr. Barbaros' 'state of mind' leading up to his suicide." (Doc. 203, at 2-3). Defendants also argue that that the criminal charges are relevant to the

cross-examination of Plaintiffs' expert economic, David L. Hopkins, with respect to

projections of Mr. Barbaros' future lost earning capacity. (*Id.* at 2). They claim that:

> Mr. Barbaros' alleged motivations in vandalizing multiple competing businesses is
> probative to the health of his own business and whether the future projections of
> business loss and/or profit are reasonable and based upon reliable facts. Moreover, Mr.
> Barbaros' charges were made public, covered by local news channels and it certainly
> could be argued that the charges themselves would have had a chilling effect on his
> business. Additionally, Mr. Barbaros would not have been available to run his own
> business while incarcerated as a pre-trial detainee and, as such, argument could
> certainly be made that his profits would have either been non-existent or severely
> diminished.

(Doc. 246, at 3). The purpose of introducing evidence concerning the charges against Mr.

Barbaros, according to the Defendants, "is not to place the decedent, Murnun Barbaros, in

an unfavorable light in front of the jury nor is the purpose to inflame the passions of the jury

or to taint the jury. Rather, the purpose of presenting such evidence is for its probative

value." (Doc. 204, at 4).

Federal Rule of Evidence 401 provides that relevant evidence is "evidence having any

tendency to make the existence of any fact that is of consequence to the determination of

the action more probable or less probable than it would be without the evidence." Fed. R.

Evid. 401. "All relevant evidence is admissible, except as otherwise provided by the

Constitution of the United States, by Act of Congress, by these rules, or by other rules

prescribed by the Supreme Court pursuant to statutory authority. Evidence which is not

relevant is not admissible." Fed. R. Evid. 402. Relevant evidence "may be excluded if its

probative value is substantially outweighed by the danger of unfair prejudice, confusion of

the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403.

The Court finds that evidence concerning or relating to the crimes that Mr. Barbaros was charged with to be irrelevant because such evidence does not have any tendency to make the existence of a fact of consequence more or less probable than it would be without the evidence. Moreover, even if such evidence were minimally relevant, the Court finds that its probative value would be substantially outweighed by the danger of unfair prejudice. Accordingly, Defendants' Motion will be denied.

Next, Plaintiffs request that the Court preclude any reference to: (1) the specific crimes decedent Mumun Barbaros was alleged to have committed; (2) his religious faith; and (3) the impact any speculative conviction could have on plaintiffs' damages. (Doc. 228). As discussed, the Court believes evidence of the crimes Mr. Barbaros was charged with to be irrelevant. And, even if such evidence is minimally relevant, its probative value is substantially outweighed by the danger of unfair prejudice.[1]

Plaintiffs also argue that any reference to Mr. Barbaros' religion is irrelevant to the litigation and would be prejudicial. Defendants "do not intend on introducing any evidence of the Decedent's religious faith and, as such ... do not oppose Plaintiffs' Motion in Limine as to that issue only." (Doc. 246, at 2 n.1). Accordingly, the Court will grant Plaintiff's Motion in its entirety.

---

[1] For these reasons, "any questioning of witnesses regarding the possibility of Mr. Barbaros' conviction" and its effect on his damages will be precluded. (Doc. 246, at 3).

3

Robert D. Mariani
United States District Judge