THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

PETER PONZINI, ESQUIRE and :
MIRYEM BARBAROS, as :
Co-Administrators of the Estate of :
Mumun Barbaros, Deceased, :
 :
      Plaintiffs, :
v. : 3:11-CV-00413
 : (JUDGE MARIANI)
MONROE COUNTY, et al., :
 :
      Defendants. :

## MEMORANDUM OPINION

Presently before the Court are three motions in limine concerning the damages Plaintiffs seek to recover at trial. In the first motion, Defendants ask the Court to Preclude Plaintiffs from Asserting a Claim for Solatium Damages. (Doc. 207). In the second motion, the PrimeCare Medical Defendants request that the Court Preclude Argument that Plaintiffs May Recover Punitive Damages. (Doc. 215). Finally, Defendant Dr. Thomas also asks the Court to Preclude Argument that Plaintiffs May Recover Punitive Damages. (Doc. 242). The Court will address each in turn.

Defendants ask the Court to preclude Plaintiffs from asserting a claim for solatium damages, and to preclude Plaintiff Miryem Barbaros from testifying "as to the grief suffered as a result of the death of her husband." (Doc. 207, at 2). Defendants assert that "[e]vidence of a person's emotional struggle – i.e. the grief they bear – is irrelevant and

inadmissible in medical malpractice actions brought under the wrongful death and survival statutes." (*Id.*).

Plaintiffs, on the other hand, claim that "[a]pplicable case law supports plaintiffs' right to present evidence of the value of decedent's life to the family, as well as expenses caused to the family by reasons of the death." (Doc. 252, at 3). In particular, Plaintiffs direct the Court to the Pennsylvania Superior Court's decision in *Rettger v. UPMC Shadyside*, 991 A.2d 915 (Pa. Super. 2010), where the Court held that "members of the decedent's family enumerated in the Wrongful Death Act, *see* 42 Pa. C.S. § 8301(b), may recover not only for medical, funeral, and estate administration expenses they incur, but also for the value of his services, including society and comfort." *Id.* at 932-33.

"Solatium, or solace, describes a type of monetary damages awarded the decedent's survivors to recompense them for their feelings of anguish, bereavement, and grief caused by the fact of the decedent's death. Although most civil law nations provide such damages for bereaved relatives, it has been steadfastly rejected by the common law." *Sinn v. Burd*, 404 A.2d 672, 675 n.3 (Pa. 1979). In Pennsylvania, "[s]uch damages are not available under the Wrongful Death Act." *Tuck v. Calhoun*, No. 3:08-cv-2213, 2011 WL 398285, at *9 (M.D. Pa. Feb. 2, 2011) (citing *Sinn*, 404 A.2d at 675 n.3). Nor are solatium damages "permitted under Pennsylvania's Survival Statute." *Keller v. Feasterville Family Health Care Cent*, 557 F. Supp. 2d 671, 687 (E.D. Pa. 2008) (citing 42 Pa.C.S. § 8302). It does not follow, however, that Mrs. Barbaros must be precluded from testifying as to her grief

2

suffered as the result of the loss of her husband. In *Rettger*, the defendant hospital requested a judicial reduction of the $2.5 million damages awarded to the plaintiffs in a wrongful death action. The defendant sought to "diminish the value of 'services' for which the decedent's family members, namely his parents, may be compensated, implying that compensable 'services' include little more than the value of household chores." 991 A.2d at 933. The Court rejected the defendant's argument, concluding that "the term services as used in this context is not so limited. Rather, the term clearly extends to the profound emotional and psychological loss suffered upon the death of a parent or a child where the evidence establishes the negligence of another as its cause." *Id.* Moreover, in *Keller*, while the court noted that there could be no recovery for the wife's "mental anguish over decedent's death," the wife could nevertheless "testify about her loss of decedent's services, society and comfort." *Keller*, 557 F. Supp. 2d at 687-88.

The Court finds that while it is true that, under Pennsylvania law, a plaintiff in a survival and wrongful death action may not recover damages for feelings of anguish, bereavement, and grief caused by the fact of the decedent's death, equally true is that Courts in Pennsylvania have concluded that encompassed within the compensable "services" a wrongful death plaintiff may recover include losses for society and comfort. As the *Keller* court found, although there can be no recovery for the wife's "mental anguish over decedent's death," the wife could nevertheless "testify about her loss of decedent's services, society and comfort" because those damages are compensable under the

Wrongful Death Act. *Keller*, 557 F. Supp. 2d at 687-88. The same holds true here: because there can be no recovery for grief and mental anguish as a result of the decedent's death, Plaintiffs will be precluded from "asserting a claim for Solatium damages." (Doc. 207, at 2). The Court is not inclined, however, to preclude Mrs. Barbaros from testifying with respect to her grief as it relates to the loss of decedent's services, society, and comfort. Mrs. Barbaros may so testify because Pennsylvania's Wrongful Death Act provides that losses of society and comfort are compensable and encompassed within the term "services." These damages are independent of any solatium damages for her grief and bereavement. Accordingly, Defendants' Motion, (Doc. 207), will be granted in part and denied in part.

Next, both the PrimeCare Medical Defendants and Defendant Dr. Thomas ask the Court to preclude any argument that Plaintiffs may recover punitive damages. (Docs. 215, 242). Specifically, Defendants maintain that Plaintiffs' expert reports "do not support a finding that any of the Medical Defendants had a subjective appreciation of the risk of harm to which Mumun Barbaros was exposed and acted, or failed to act, in a conscious disregard of that risk." (*Id.* at 2). Plaintiffs oppose Defendants' motions. (Doc. 256).

As an initial matter, this Court has already held in its Memorandum Opinion denying Defendant Dr. Thomas' Motion for Summary Judgment that Plaintiffs have stated sufficient facts that, if proven, could demonstrate that Defendant Thomas were deliberately indifferent to Mr. Barbaros serious medical needs. (Doc. 177). Specifically, in denying Defendant Dr.

4

Thomas' motion for summary judgment with respect to punitive damages this Court concluded that:

> If the jury accepts Plaintiffs' allegations and the evidence in support thereof, it could reasonably find that Defendant Thomas was reckless or callous in his conduct. Therefore, the claims that this Court found must go to the fact-finder on the merits may also be considered for punitive damages. The Court will therefore deny Defendant Thomas's motion for summary judgment as to punitive damages with respect to these claims.

(Doc. 177, at 21).

The same logic employed by the Court in denying Defendant Dr. Thomas' motion for summary judgment holds true with respect to the PrimeCare Medical Defendants. "[A] jury may be permitted to assess punitive damages in an action under § 1983 when the defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others." *Smith v. Wade*, 461 U.S. 30, 56, 103 S.Ct. 1625, 75 L.Ed.2d 632 (1983). With respect to deliberate indifference claims, the Supreme Court has noted that it is "fair to say that acting or failing to act with deliberate indifference to a substantial risk of serious harm to a prisoner is the equivalent of recklessly disregarding that risk." *Farmer v. Brennan*, 511 U.S. 825, 836-37, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). If Plaintiffs are successful in proving their claim of deliberate indifference, a reasonably jury could logically find that they are entitled to recover punitive damages based on the Defendants' "reckless of callous indifference to his federally protected rights." *Wade*, 461 U.S. at 56. Accordingly, Defendants' Motions, (Docs. 215, 242), will be denied.

_____
Robert D. Mariani
United States District Judge