THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PETER PONZINI, ESQUIRE and MIRYEM BARBAROS, as Co-Administrators of the Estate of Mumun Barbaros, Deceased, | : : : : : |
| Plaintiffs, | : : |
| v. | : 3:11-CV-00413 |
| | : (JUDGE MARIANI) |
| MONROE COUNTY, et al., | : : |
| Defendants. | : |

*FILED SCRANTON AUG 24 2016 PER [signature] DEPUTY CLERK*

## MEMORANDUM OPINION

Presently before the Court is Defendant Monroe County's Omnibus Motion in Limine. (Doc. 201). In its motion, Defendant asks the Court to exclude all evidence and argument regarding: (1) Damages of Family Members & Third Parties; (2) Other MCCF Deaths & Lawsuits; (3) Photographs of Mumun's Body; and (4) Misconduct by Former MCCF Correctional Officer Jesse Cleare. (Doc. 201).

As an initial matter, Plaintiffs do not intend to present any evidence of other deaths or suicides at the Monroe County Correctional Facility, (Doc. 250), nor do they intend to present evidence of other lawsuits involving Defendant Monroe County. (Doc. 249). Accordingly, Defendant's motion to exclude all evidence or arguments of other MCCF deaths & lawsuits will be denied as moot. Moreover, the Court has already determined, in a

prior memorandum opinion, (Doc. 269), that photographs of Mr. Barbaros' body are relevant and admissible. Accordingly, Defendant's motion will be denied as to the photographs of Mr. Barbaros' dead body.

With respect to Defendant's request to preclude damages of family members and third parties, Defendant ask the Court "to preclude evidence and testimony from Mumun Barbaros' family, including his wife, Miryem Barbaros, and his children, for injuries they personally suffered from Mumun Barbaros' death."[1] (Doc. 201, at 1-2). According to Defendant, "[s]uch injuries might include their own grief at Mumun's death and claims for loss of support which plaintiffs intend to introduce." (Doc. 201, at 2). Defendant's theory is two-fold. First, Defendants maintain that damages sought by decedent's family for grief and claims of loss of support are not permitted under Pennsylvania law. For the reasons set forth in the Court's memorandum opinion concerning Defendants request that the Court preclude Plaintiffs from asserting a claim of solatium damages, (Doc. 273), the Court rejects this argument. While it is true that, under Pennsylvania law, a plaintiff in a survival and wrongful death action may not recover damages for feelings of anguish, bereavement, and grief caused by the fact of the decedent's death, equally true is that Courts in Pennsylvania have concluded that encompassed within the compensable "services" a wrongful death plaintiff may recover include losses for society and comfort. *See Rettger v. UPMC Shadyside*, 991 A.2d 915 (Pa. Super. 2010). Second, Defendant's maintain that damages

---

[1] Plaintiffs do not intend to present decedent's children as witnesses at trial. (Doc. 248).

to third parties are not recoverable in a § 1983 action because "a plaintiff does not have standing to litigate the violations of a third party's civil rights" and "because the family is looking for compensation for violation of Mumun Barbaros' civil rights, not their own." (Doc. 202, at 6). The Court rejects Defendant's argument, and notes that Courts routinely permit the estate of a decedent to maintain a § 1983 action that also asserts wrongful death and survival claims. *See, e.g., Becker v. Carbon Cnty.*, __ F. Supp. 3d __, 2016 WL 1393396, at *6 (M.D. Pa. Apr. 8, 2016) ("It is clear that a cause of action for violation of civil rights does not die with the victim of the alleged constitutional deprivation."); *Fleckenstein v. Crawford*, No. 1:14-cv-1085, 2015 WL 5829758, at *15 (M.D. Pa. Oct. 1, 2015) ("Here, the § 1983 claims are properly raised by Dowell's Estate, in accordance with the standing requirements under Pennsylvania law, *via* the Commonwealth's survival statute. Moreover, Pennsylvania's survival statute allows for a decedent's claims to survive his or her death and it is consistent with federal law, especially 42 U.S.C. § 1983, in that the Pennsylvania survival statute is designed to provide remedies to individuals who have been killed or injured by unlawful conduct.").

Finally, Defendant Monroe County asks the Court to preclude "evidence and testimony of misconduct on the part of former Monroe County Correctional Officer Jesse Cleare at the time of trial." (Doc. 201, at 6). Mr. Cleare was previously a defendant in this case, and the Court granted his motion for judgment on the pleadings. (Doc. 65). Defendant Monroe County correctly notes that there are "no claims remaining against any County officials or

against any Defendant relating to Officer Cleare's monitoring of B-Unit or otherwise supervising Barbaros on the night he died." (Doc. 201, at 6). As such, "[t]he only remaining potential liability against the County arises from its policy of contracting away inmate medical care and its alleged failure to ensure that PrimeCare was fulfilling its obligations to provide such care." (*Id.* at 6-7). Accordingly, "[w]hether Cleare fell asleep on the job or failed to make his rounds on the night of Barbaros' death has nothing to do with whether the County properly supervised PrimeCare." (*Id.* at 7). The Court agrees with Defendant Monroe County: the alleged misconduct of Mr. Cleare is entirely irrelevant to the claims at issue in this litigation. Therefore, the Court will grant Defendant's Motion in this respect. A separate order follows.

Robert D. Mariani
United States District Judge