THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

PETER PONZINI, ESQUIRE and :
MIRYEM BARBAROS, as :
Co-Administrators of the Estate of :
Mumun Barbaros, Deceased, :
:
      Plaintiffs, :
  v. : 3:11-CV-00413
: (JUDGE MARIANI)
MONROE COUNTY, et al., :
:
      Defendants. :

FILED
SCRANTON
AUG 26 2016
PER _____
DEPUTY CLERK

## MEMORANDUM OPINION

Presently before the Court are two motions in limine. In the first motion, Defendants ask the Court to preclude certain statements made by co-conspirator Mehmet Edgu in anticipation of litigation. (Doc. 261). In the second motion, Plaintiffs ask the Court to preclude Defendants from presenting evidence or making reference at trial to the guilty plea of Mr. Edgu. (Doc. 233).

According to the Defendants, Plaintiffs intend to introduce the deposition transcript of Mr. Edgu—who is unavailable to testify after being deported from the country—in violation of Federal Rule of Civil Procedure 32. Specifically, the PrimeCare Medical Defendants and Defendant Thomas "were never notified of this deposition and, therefore, were not present

at the time of Mr. Edgu's deposition," (*id.* at 2), whereas the County Defendants were notified "just hours before the deposition." (*Id.*).

Federal Rule of Civil Procedure 32 provides, in relevant, part that:

> At a hearing or trial, all or part of a deposition may be used against a party on these conditions . . . (A) the party was present or represented at the taking of the deposition or had reasonable notice of it; (B) it is used to the extent it would be admissible under the Federal Rules of Evidence if the deponent was present and testifying; and (C) the use is allowed by Rules 32(a)(2) through (8).

Fed. R. Civ. P. 32(a)(1). Because none of the Defendants "were present or represented at the taking of the deposition or had reasonable notice of it," Defendants maintain that his testimony must be precluded. (Doc. 261, at 3).

There is no dispute that none of the Defendants was present or represented at the taking of Mr. Edgu's deposition. The question then becomes, whether the Defendants had "reasonable notice" of the deposition. The parties agree that neither Defendant Thomas nor the PrimeCare Medical Defendants had *any* notice of the deposition. Defendant Monroe County claims it only had "mere hours" notice of the deposition, while Plaintiffs assert that it had five days' notice. (Doc. 289). Regardless of whether Defendant Monroe County had "reasonable notice" of the deposition, the Court concludes that it would be inappropriate to permit Plaintiffs to present the deposition testimony of Mr. Edgu where it is undisputed that none of the Defendants attended the deposition and where eight of the nine Defendants had

no notice of the deposition.[1] Accordingly, the Court will grant Defendants' motion. (Doc. 261).

Next, the Court will address Plaintiffs' Motion to Preclude Defendants from Presenting Evidence or Making Reference at Trial to the Guilty Plea of Mehmet A. Edgu, the individual arrested along with Mr. Barbaros. According to Defendants, "Mr. Edgu's prior convictions are admissible under Federal Rule of Evidence 609 which provides that when the opposing party seeks to use prior felony convictions to impeach the credibility of a witness, who is not a defendant in a criminal case, that evidence 'must be admitted subject to Rule 403.'" (Doc. 246, at 8). According to Defendants, the Plaintiffs "recently informed" them "that they intend on reading into the record a deposition transcript of Mehmet Ali Edgu conducted on June 23, 2009" which "was taken pre-suit in anticipation of litigation" and, because Defendants counsel were not apprised to the deposition, they seek to exclude the testimony. (Id.). Thus, Defendants argue that "[s]hould Plaintiffs be allowed to introduce the prior statements of Mr. Edgu, Defendants should be allowed . . . to introduce evidence of criminal convictions to the jury." (Id. at 9).

---

[1] The Court also rejects Plaintiffs' argument that Mr. Edgu's statements are admissible under Federal Rule of Evidence 807. Rule 807 "is rarely invoked, and applied only in exceptional circumstances." *Navedo v. PrimeCare Med., Inc.*, No. 1:12-cv-00888, 2014 WL 1451836, at *2 (M.D. Pa. Apr. 14, 2014) (citations omitted). The rule applies "only when certain exceptional guarantees of trustworthiness exist and when high degrees of probativeness and necessity are present." *United States v. Bailey*, 581 F.2d 341, 347 (3d Cir. 1978). Where, as here, the statement was prepared in anticipation of litigation, and the adverse parties lacked the ability to cross-examine the declarant, the Court finds that such "exceptional guarantees of trustworthiness" are lacking such that Rule 807 does not apply.

As discussed above, the Court will not permit Mr. Edgu's deposition transcript to be read at trial. Accordingly, the Court finds that evidence of Mr. Edgu's guilty plea to be irrelevant to this action. Moreover, even if the guilty plea was somehow relevant, its probative value is substantially outweighed by the danger of unfair prejudice. Fed. R. Evid. 403. Accordingly, the Court will grant Plaintiffs' Motion. (Doc. 233)

Robert D. Mariani
United States District Judge